UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        FILE NO. 1:04-CR-02

v.        HON. ROBERT HOLMES BELL

LESLIE ANN BELLMER,

        Defendant.
_____/

**ORDER DENYING MOTION FOR IMPOSITION
OF ALTERNATIVE SENTENCE**

This matter is before the Court on Defendant Leslie Ann Bellmer's motion for imposition of alternative sentence (docket #130).

On October 13, 2004, this Court sentenced Defendant to a term of imprisonment of 84 months. At the time of sentencing, the Supreme Court had undertaken review of *United States v. Booker*, 543 U.S. 220 (2005), which challenged the constitutionality of the United States Sentencing Guidelines. Pursuant to a recommendation of the Sixth Circuit in *United States v. Koch*, 193 F. App'x 391 (6th Cir. 2004), this Court included in its judgment an alternative sentence of 60 months that it would impose "should the sentence guidelines be deemed unconstitutional." (Judgment, Docket #97 at 2.)

In *Booker*, the Supreme Court found that the mandatory nature of the Sentencing Guidelines was unconstitutional as applied to enhancements based on facts found by the

judge at sentencing.  *Booker*, 543 U.S. at 244.  The Court concluded that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Id*.  However, the remainder of the Sentencing Reform Act of 1984 was found to satisfy constitutional requirements.  *Id.* at 764.  The Court remedied the constitutional defect by excising the provision of the Act that makes the Guidelines mandatory, *see* 18 U.S.C.A. § 3553(b)(1) (Supp. 2004), and by altering the standard of review on appeal, *see* 18 U.S.C.A, § 3742(e) (main ed. & Supp. 2004).  *Booker*, 543 U.S. at 764.

As a result, the *Booker* case did not find the Sentencing Guidelines as a whole to be unconstitutional as anticipated by this Court when it stated its alternative sentence.  Indeed, as applied to Defendant, nothing about the application of the Guidelines was constitutionally suspect.  The enhancements applied by this Court conformed to the proofs taken during the plea process and no enhancement was based on facts found by the Court at sentencing.  Accordingly, the Court is without authority to enter an alternative sentence.  Therefore,

**IT IS ORDERED** that Defendant's motion for imposition of alternative sentence (Docket #130) is **DENIED**.

Date:     July 9, 2007                             /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       CHIEF UNITED STATES DISTRICT JUDGE